1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12  JAMES LOWTHER,                           Case No. 8:22-cv-00025-FLA (PD)

13              Plaintiff,                   **ORDER DISMISSING ACTION**
                                            **FOR FAILURE TO**
14       v.                                 **PROSECUTE**

15  CITY OF NEWPORT BEACH, et al.,

16              Defendants.

17
18

19  / / /
20  / / /
21  / / /
22
23
24
25
26
27
28

1  **I.      Pertinent Procedural History and Plaintiff's Claims**

2          On January 7, 2022, Plaintiff James Lowther ("Plaintiff"), a California

3  resident proceeding pro se, filed a Complaint against Defendants Marissa Sur (a

4  claims risk manager for the City of Newport Beach-Human Resources Department),

5  Newport Beach Police Officer J. Duenas, Newport Beach Police Detective R.

6  Henry, and Newport Beach Police Detective William Depweg.  Dkt. 1 at 2-3.   The

7  Complaint purports to raise claims for police misconduct, threats, intimidation, and

8  a violation of the Health Insurance Portability and Accountability Act ("HIPAA").

9  *Id*. at 1, 6-9.  Plaintiff seeks compensatory and punitive damages, along with

10 "reconsideration of a fair criminal process for a new criminal process by court

11 attorneys at Harbor Justice Center."  *Id*. at 10.  Plaintiff also filed a request to

12 proceed in forma pauperis ("IFP Request"). Dkt. 2]  The Court granted Plaintiff's

13 IFP Request.  Dkt. 7.

14         On February 2, 2022, the court screened the Complaint pursuant to 28 U.S.C.

15 § 1915(e)(2)(B) and dismissed the Complaint for: (1) failing to adhere to Federal

16 Rule of Civil Procedure 8; (2) failing to state a cognizable constitutional claim

17 under 42 U.S.C. § 1983; (3) impermissibly raising federal  criminal law claims

18 against Defendants; (4) failing to state a claim under HIPAA; (5) failing to state a

19 discrimination claim under 42 U.S.C. § 2000; and (6) failing to state claims under

20 34 U.S.C. §§ 12601 and 10228.  Dkt. 6.   The Order granted Plaintiff leave to file

21 an amended complaint by March 1, 2022.  *Id*.

22         On March 1, 2022, Plaintiff filed a First Amended Complaint ("FAC")

23 against Defendants Marissa Sur, Newport Beach Police Officer J. Duenas, Newport

24 Beach Police Detective R. Henry, and Newport Beach Police Detective William

25 Depweg.  Dkt. 9 at 3-4.   The FAC purports to raise three claims for "claim

26 grievance," "fabrication of court evidence," and "police intimidation."  *Id*. at 3.

27 Plaintiff seeks punitive damages in the amount of $3 million dollars.  *Id*. at 6.

28

On March 7, 2022, the court screened the FAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed the FAC for: (1) failing to adhere to Federal Rule of Civil Procedure 8; (2) failing to state a cognizable constitutional claim under 42 U.S.C. § 1983; (3) impermissibly raising federal criminal law claims against Ms. Sur; (4) failing to state a claim under 34 U.S.C. § 12601; and (5) failing to state a "discriminatory harassment" claim.  Dkt. 10.   The Order granted Plaintiff leave to file a Second Amended Complaint by April 1, 2022.  *Id*.

On April 15, 2022, the court issued an Order to Show Cause (the "OSC") after Plaintiff failed to file a Second Amended Complaint.  Dkt. 11.  The OSC ordered Plaintiff to file either: (1) a request setting forth good cause for an extension of time; or (2) a Second Amended Complaint.  *Id*.  The OSC warned Plaintiff that failure to comply by April 29, 2022, may result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.

To date, Plaintiff has failed to comply with the March 7, 2022 Order and the April 15, 2022 OSC, and has not otherwise communicated with the court about his case.  Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

## II.    Discussion

Rule 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v. Wabash R.R. Co*., 370 U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

1992).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the court's docket – weigh in favor of dismissal. Plaintiff has not filed an amended complaint.  Plaintiff's failure to file a Second Amended Complaint or show good cause for his delay prevents the court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

Arguably, the third factor – prejudice to Defendants – does not counsel in favor of dismissal because Defendants have not been served and may otherwise be unaware that a case has been filed.  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  Plaintiff's inaction in this matter is an unreasonable delay. In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the court presumes prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the court attempted to avoid outright dismissal by giving Plaintiff ample time and several opportunities to communicate with the court and file an amended complaint.  Plaintiff was also expressly warned that failure to comply with the court's orders could result in dismissal.  *See* Dkts. 10, 11.  Thus, the court explored the only meaningful alternatives to dismissal in its

4

arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

In sum, four of the five factors support dismissal, and the court concludes that dismissal for failure to prosecute is warranted.  This matter is hereby DISMISSED for failure to prosecute.

**IT IS SO ORDERED.**

Dated: August 15, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

Presented by:

_____
Patricia Donahue
United States Magistrate Judge

5